DISTRICT COURT OF
THE VIRGIN ISLANDS

Division of St. Croix

————————

No. 1:21-mc-0035

————————

In re: Attorney Jeffrey B.C. Moorhead

————————————

COURT ORDER AND PUBLIC REPRIMAND

————————————

PRESENT:  CHAGARES, <u>Chief Judge</u>, McKEE, AMBRO, JORDAN,
HARDIMAN, GREENAWAY, JR., SHWARTZ, KRAUSE,
RESTREPO, BIBAS, PORTER, MATEY, and PHIPPS, <u>Circuit
Judges</u>

This matter of attorney discipline is before the Court pursuant to Rule 83.2

of the Local Rules of Civil Procedure of the District Court of the Virgin Islands

(hereinafter, the "Rules") on the Report and Recommendation of Magistrate Judge

Maureen P. Kelly and the objections thereto filed by Attorney Jeffrey B.C.

Moorhead, Esquire.[1]  For the reasons discussed herein, Judge Kelly's

---

[1] Attorney Moorhead has been a member of the bar of the District Court of the
Virgin Islands since 1988.  He is a solo practitioner located on the island of St.

recommendations are approved and adopted, the objections are overruled, and
Attorney Moorhead is hereby suspended from the practice of law before the
District Court of the Virgin Islands for a period of two years as set forth below.

## I.

On July 30, 2021, Carolyn Patterson sent a letter to the attention of Virgin
Islands District Judge Wilma A. Lewis concerning allegations of misconduct on
the part of Attorney Moorhead in the course of his representation of her son, Troy
Patterson.  Carolyn Patterson complained that Attorney Moorhead convinced her
and her son to pay him a $10,000 retainer fee without providing adequate
representation.  She also raised a concern that Attorney Moorhead might similarly
take advantage of others in the future.  Pursuant to Rule 83.2, Judge Lewis
informed Chief District Judge Robert Molloy of the complaint.

Because Chief Judge Molloy is related to Attorney Moorhead, he recused
himself from the proceeding.  He therefore referred the matter to Chief Judge D.
Brooks Smith of the United States Court of Appeals for the Third Circuit.[2]  Chief
Judge Smith directed that Ms. Patterson's complaint be docketed.

On October 4, 2021, Chief Judge Smith assigned this matter to Magistrate

---

Croix.  He is engaged in civil and criminal practice and has been a member of this
Court's Criminal Justice Act ("CJA") Panel during various periods.

[2] Judge Smith's term as Chief Judge of the Court of Appeals concluded on
December 4, 2021.  For ease of reference and because he was Chief Judge at the
time of the relevant events, he will be referred to herein as Chief Judge Smith.

Judge Maureen P. Kelly for investigation pursuant to Rule 83.2(b).  Magistrate

Judge Kelly concluded the investigation and issued her Report and

Recommendation on December 3, 2021.  Attorney Moorhead was served a copy of

the Report and Recommendation and was given 14 days to respond in writing.  See

Rule 83.2(b).  Through counsel, Attorney Moorhead timely filed objections on

December 17, 2021.  The Report and Recommendation and Attorney Moorhead's

objections were then submitted to the Court for consideration.

## II.

Although this matter was initiated by the filing of the Patterson complaint,

Judge Kelly's investigation revealed that Attorney Moorhead has for many years

engaged in concerning behavior in representing clients before the District Court of

the Virgin Islands.  Court records from the past several years show that Attorney

Moorhead has engaged in an ongoing pattern of disregard for filing deadlines,

failure to timely appear as directed at court proceedings, and neglect in adequately

communicating with clients.  Often, when individual judges have issued orders to

show cause to address these actions, Attorney Moorhead has compounded the

problem by disregarding the show cause orders or by failing to adhere to show

cause deadlines.  When monetary penalties or removal as appointed counsel are

imposed as a sanction, Attorney Moorhead has simply paid the fines and

apologized, without appearing to make any effort to change his behavior for the

long term.

This pattern gives rise to a great deal of concern.  Of even greater concern, within recent months, there has been a significant escalation in Attorney Moorhead's problematic behavior.  In the past year, Attorney Moorhead has sent highly unprofessional emails and text messages to clients and their family members using crass and foul language and demonstrating a shocking disregard for his professional obligations to his clients.  His inappropriate conduct has extended to his courtroom behavior as well.  In one hearing, Attorney Moorhead interrupted the judge, made statements to malign and threaten his client, and ultimately was directed to leave the courtroom.  In another hearing, Attorney Moorhead made disparaging comments adverse to his client's interests.

This marked increase in unacceptable behavior has made it clear that Attorney Moorhead is not meeting the high standards required of an attorney admitted to practice before the District Court of the Virgin Islands.

A.

Although the Report and Recommendation and response thereto shall remain sealed, the Court of Appeals endorses and affirms the findings of Magistrate Judge Kelly.  Her investigation and findings are summarized briefly herein.

1.

A review of the record in Troy Patterson's criminal proceeding revealed that he initially was represented by CJA counsel. During that time, he entered a guilty plea. See United States v. Troy Patterson, D.V.I. No. 1:19-cr-00016. Just prior to sentencing, on May 19, 2021, Attorney Moorhead entered an appearance as retained counsel. By the next month, on June 25, 2021, Judge Lewis issued an order to show cause directing Attorney Moorhead to explain his repeated failure to adhere to court-ordered deadlines for filing the sentencing memorandum. Attorney Moorhead filed a late response after the show cause response deadline, attributing the missed deadlines to a lack of secretarial staff and problems with his electronic filing password.

During Troy Patterson's sentencing hearing, Attorney Moorhead advised the Court that he had met with Troy for the first time in person for about an hour before the hearing began. On the record, Troy Patterson agreed with Attorney Moorhead's statement that they had sufficient time to meet and that Troy was "happy" to go forward. See Sentencing Transcript 7/27/21 at 13–14.

That same day, shortly after Troy Patterson's sentencing hearing, Judge Lewis conducted a show cause hearing regarding Attorney Moorhead's repeated failure to meet deadlines. At the show cause hearing, Attorney Moorhead reiterated that he has staffing problems. Indeed, he stated that, due to staffing

problems and mounting work, he had resigned from the CJA panel and had stopped accepting cases.  <u>See</u> Transcript 7/27/21 at 145–46.  He stated, "It's getting completely out of hand, to the point where I'm getting out of the business." <u>Id.</u> at 145.  Attorney Moorhead later stated, "I don't know – I don't know what – I'm being brutally honest.  I know how I sound.  It's been going on for some time. It's very, very frustrating, and it's unhealthy, and I'm not going to let it change me."  <u>Id.</u> at 149.  Judge Lewis cautioned Attorney Moorhead that meeting court-ordered deadlines is his responsibility and imposed a monetary sanction of $400. She issued a written order memorializing the sanction on July 28, 2021.

Shortly thereafter, on July 30, 2021, Carolyn Patterson wrote the letter to Judge Lewis that initiated this disciplinary proceeding.  Ultimately, on July 30, 2021, Judge Lewis sentenced Troy Patterson to a term of 64 months of imprisonment.  On August 3, 2021, Troy wrote a letter to Judge Lewis indicating his wish to appeal his sentence and explaining that he had no confidence that Attorney Moorhead would do so on his behalf.  According to Troy, Attorney Moorhead "has never accepted my email requests (multiple), and has never attempted to set up a legal call at Guaynabo [Troy's prison]."  Troy stated that "other than bloviation, [Attorney Moorhead] applies little effort."  Troy therefore requested substitute counsel, although no action was taken on that request.  Troy appealed pro se.  <u>See</u> C.A. No. 21-2505.  The Court of Appeals appointed Attorney

6

Moorhead as CJA counsel[3] to represent him; Troy did not renew his request for substitute counsel.  On November 18, 2021, the Court of Appeals summarily affirmed Troy's judgment and conviction.

2.

Due to concern that Attorney Moorhead's actions in the <u>Patterson</u> matter were reflective of a larger pattern of disregard for court orders and client obligations, Magistrate Judge Kelly also reviewed the records in additional matters, in District Court and other courts, in which discipline was imposed since 2015.[4]  Magistrate Judge Kelly observed that, since 2015, Attorney Moorhead has been subject to disciplinary sanctions in at least seven separate court proceedings in addition to the <u>Patterson</u> case, with one additional disciplinary matter that remains pending.  He has been assessed monetary fines amounting to a total of $2,750,[5] has been terminated as CJA counsel prior to the end of a case on at least four different times, and has been directed to write a written apology to one client.

---

[3] According to the Clerk's Office of the District Court of the Virgin Islands, Attorney Moorhead requested on May 12, 2021, to be removed from the list of CJA attorneys in the Virgin Islands.  Chief District Judge Robert Molloy memorialized Attorney Moorhead's removal from the CJA Panel by order of May 25, 2021.  It does not appear that the Court of Appeals was notified of the order, however.

[4] Although Magistrate Judge Kelly focused on discipline imposed since 2015, she noted that Attorney Moorhead's disciplinary history extends far earlier than that date.

[5] The Clerk of the District Court advises that, for all cases in the District Court of

Matters reflecting Attorney Moorhead's poor track record for making court appearances and adhering to court-ordered deadlines include:

(1) <u>People v. Willocks</u>, V.I. Super. Crim. No. 397/2013: $250 fine for missing a court appearance.

(2) <u>United States v. Lang</u>, D.V.I. No. 1:15-cr-00033: $100 fine for a failure to appear.  The court granted the defendant's motion for a new attorney.

(3) <u>United States v. Brodhurst</u>, D.V.I. No. 1:15-cr-00032: $100 fine for appearing late.  The court granted the defendant's motion for a new attorney.

(4) <u>United States v. Warner</u>, D.V.I. No. 3:18-cr-00023: $200 fine for a failure to appear.

(5) <u>United States v. Biggs</u>, D.V.I. No. 3:07-cr-00060-02 (pending): recommending a fine of $100 for a failure to appear.  Attorney Moorhead did not object to the recommendation, but no Court action has been taken upon it.

Three more recent matters require additional discussion, inasmuch as they demonstrate the notable increase in problematic behavior identified by Magistrate Judge Kelly.  These matters are:

(1) <u>United States v. Hughes</u>, D.V.I. No. 1:16-cr-00021:  Attorney Moorhead was appointed as CJA counsel on September 28, 2016.  On December 16, 2019, District Judge Lewis issued an order to show cause to Attorney Moorhead concerning a failure to adhere to two Court deadlines.  Attorney Moorhead missed the deadline for responding to the show cause order as well.  He never filed a written response.

At the show cause hearing, Attorney Moorhead attributed the missed deadlines to an inability to file electronically, explaining that he did not

---

the Virgin Islands, all monetary sanctions were paid as directed.

know how to do so and did not have anyone to assist him.  He stated, "This is an isolated event.  This has never happened before, and I am very sorry."  Transcript 1/10/20 at 5.  Judge Lewis did not find Attorney Moorhead's actions reasonable and advised him that he was expected to timely file in the future.  On January 13, 2020, she issued a written order imposing a monetary sanction of $150 for failing to comply with court-ordered deadlines.

On January 27, 2021, Attorney Moorhead filed a motion to withdraw from the representation, but did not provide any reason for the motion other than attorney-client privilege.  Shortly thereafter, he withdrew the withdrawal motion.  By June, however, the defendant filed a motion for new counsel.  In it, the defendant alleged a failure to maintain contact and "verbal abuse" by Attorney Moorhead.  Mtn. for New Counsel at ¶ 1.  He attached copies of text messages from Attorney Moorhead laden with expletives and insults, including Attorney Moorhead telling the defendant that "You're full of sh--!" and "F--- you."  Attorney Moorhead also told the defendant to "get another lawyer" and to "[s]end this to the court!"

On June 3, 2021, Magistrate Judge George Cannon held a hearing on the motion.  Attorney Moorhead acknowledged that the text messages were accurate and that he had encouraged his client to file them with the court.  Attorney Moorhead did not explain or defend his use of vulgar language in his client communications.  Indeed, Attorney Moorhead called his client "a liar" and used foul and threatening language during the hearing itself.  Transcript 6/3/21 at 9–10.  When Attorney Moorhead did not obey Judge Cannon's order to be quiet, Judge Cannon ultimately had to direct him to leave.  Upon exiting the hearing, Attorney Moorhead told his client, "I'll deal with you later."  Id. at 12.  Judge Cannon responded, "No.  Attorney Moorhead, you're not going to deal with her later" and continued with the proceeding.  Id.  Judge Cannon ultimately granted the motion for new counsel and terminated Attorney Moorhead's representation.

On October 5, 2021, Judge Lewis issued an order to show cause directed to Attorney Moorhead.  Citing the profanity-laced text messages and his courtroom behavior, Judge Lewis directed Attorney Moorhead to show cause why he should not be sanctioned for his "abject disrespect for the Court and the judicial process, and his complete lack of decorum in the courtroom."  Order to Show Cause 10/5/21 at 3.  Attorney Moorhead filed a short response on October 19.  He defended his vulgar language as

"protected speech" but apologized "profusely" for his courtroom demeanor.

Judge Lewis held a hearing on the show cause order on November 9, 2021. She ultimately imposed a monetary fine of $1,000 and directed Attorney Moorhead to write a written apology to his former client and file it with the Court. In her written order memorializing the sanction, Judge Lewis described Attorney Moorhead's conduct as "reprehensible" and "inexcusable." Order of Discipline 11/9/21 at 3–4. She concluded that sanctions were necessary because Attorney Moorhead "showed disrespect for the Court and the judicial process; disregard for his professional responsibilities as an officer of the Court and as a Criminal Justice Act-appointed attorney; and a lack of professional decorum." Id. at 3.

(2) Moorhead v. Moorhead, D.V.I. No. 1:19-cv-00009: Attorney Moorhead was retained as counsel for the plaintiff. On July 20, 2020, Magistrate Judge George Cannon issued an order to show cause directing Attorney Moorhead and defense counsel to explain their failure to appear at a pretrial status conference. When Attorney Moorhead did not respond, Judge Cannon issued a second order to show cause. Attorney Moorhead then filed a written response attributing his failure to appear to his birthday celebration and his failure to timely file a show cause response to his lack of a secretary. On August 4, 2020, Judge Cannon issued a written order imposing a monetary sanction of $200 for failure to appear and to timely respond to the show cause orders.

On June 1, 2021, Magistrate Judge Cannon issued another show cause order, again because both attorneys failed to appear at a status conference. Attorney Moorhead timely filed a response, attributing his failure to appear to its being scheduled on the day after the Memorial Day and that he had "simply overlooked the scheduled Status Conference after the long holiday." Show Cause Response 6/7/21 at ¶ 2. Magistrate Judge Cannon discharged the order to show cause. But on July 9, 2021, Magistrate Judge Cannon issued another order to show cause for Attorney Moorhead's failure to appear at another status conference.

At the show cause hearing, Attorney Moorhead apologized and informed the Court that he "got caught up in gossip with the court staff" and "completely forgot about this hearing." Transcript 6/19/21 at 3. On July 16, 2021, Magistrate Judge Cannon issued a written order imposing a

monetary sanction of $100 for the failure to appear.  Attorney Moorhead remained on the case, which was closed in October 2021.

(3) United States v. Webster, D.V.I. No. 1:12-cr-00019: On February 8, 2021, Attorney Moorhead was appointed under the CJA to represent the defendant to pursue a compassionate release motion.  Attorney Moorhead missed three filing deadlines for briefing on the motion, even though the deadline was extended several times.  By May 10, 2021, when briefing had still not been filed, District Judge Lewis issued an order to show cause.

In his response to the show cause order, Attorney Moorhead apologized for missing the deadlines, attributing the missed deadlines to his client's failure to provide him documentation.  Shortly thereafter, on May 13, 2021, Attorney Moorhead filed the required brief; it was three pages long and argued that Attorney Moorhead had no knowledge of the defendant's case and had "nothing to add" to the defendant's pro se motions.  Def's Supp. Br. for Compassionate Release at ¶ 10–11.

At a show cause hearing on May 13, 2021, Attorney Moorhead again attributed the missed deadlines to his client's failure to provide him documentation.  Among other things, Attorney Moorhead informed the Court that his client's motion for compassionate release is "the worst request for a compassionate release that I've ever seen" and opined that his client had "no extraordinary or compelling reasons" warranting relief.  Transcript 5/13/21 at 6.  In addition, he argued that he had never filed a document electronically and had no knowledge of how to do so, despite the fact that documents in the District Court are required to be filed electronically.

On May 14, 2021, Judge Lewis issued a written order imposing a monetary sanction of $250 for missing three Court deadlines without timely filing continuance motions.  The following month, by written order of June 15, 2021, Magistrate Judge Cannon observed that Attorney Moorhead had "made disparaging comments adverse to his client's interest" at the show cause hearing and had filed a brief representing that he had "nothing to add."  Accordingly, Magistrate Judge Cannon relieved Attorney Moorhead of the representation and directed the appointment of new counsel.

The public court records demonstrate that Attorney Moorhead has engaged in a pattern of gross failure to adequately represent clients by missing court deadlines and court appearances and by failing to engage in appropriate client communication.  In addition, Attorney Moorhead's behavior during the past two years has escalated to an extreme level and is entirely unacceptable for a practitioner of law before the District Court of the Virgin Islands.  He has mistreated his clients by using abusive, foul, and inappropriate language, he has maligned, threatened, and undermined his own clients by email, by text message, and in open court, he has shown disrespect to judges, and he has disrupted court proceedings.  Past imposition of monetary sanctions and verbal admonishments have had no impact on Attorney Moorhead's behavior.[6]

B.

Attorney Moorhead raises several objections to the Report and Recommendation.  He begins by presenting a "global issue" concerning an alleged lack of opportunity to be heard.  Obj. 3.

---

[6] In light of the robust public record in this matter, including hearing transcripts, witness interviews were not required.  But Magistrate Judge Kelly conducted, via Zoom, interviews with six individuals who have professional knowledge of or interaction with Attorney Moorhead.  Because of the small and close-knit legal community in the Virgin Islands and Attorney Moorhead's close family relationship with the Chief Judge of the District Court, the individuals' identities were kept confidential to encourage their candid participation.  The interviews confirmed the pattern of behavior that is reflected in the court records.

Rule 83.2(b) states: "The Magistrate Judge . . . shall afford the attorney the opportunity to be heard."  Magistrate Judge Kelly provided Attorney Moorhead that opportunity by permitting him to be heard on the papers in the form of his objections to the Report and Recommendation prior to its submission to the Court. He argues, however, that the opportunity to be heard must be separate from the opportunity to file objections and must take place in the form of an evidentiary hearing and/or a pre-Report and Recommendation interview.

The objection is overruled.  Rule 83.2 makes no reference to an evidentiary hearing requirement or a requirement that the respondent be interviewed by the Magistrate Judge prior to issuance of the Report and Recommendation.  By virtue of the Report and Recommendation, Attorney Moorhead was given full notice of the scope of the investigation and the allegations underlying the proposed discipline.  Indeed, he makes no argument that he received insufficient notice.  He was also given the opportunity to respond in writing to express his reasons why, in his view, discipline should not be imposed.  He offers nothing to explain why this written opportunity was insufficient or what additional information he would have presented had he appeared in person.

Importantly, the proposed discipline is based upon Attorney Moorhead's behavior as reflected in public court records that are available to him and that were clearly identified in the Report and Recommendation, not upon the credibility of

Carolyn Patterson or any other individual witness.  Under these circumstances, the

plain text of the Rules and due process do not require anything more.  See, e.g.,

Biliski v. Red Clay Consol. Sch. Dist. Bd. of Ed., 574 F.3d 214, 221–22 (3d Cir.

2009) (holding in the employment context that advance notice of the charges, an

opportunity to provide a detailed written response, and the decisionmaker's

consideration of that response satisfied due process).

Attorney Moorhead next objects that the Magistrate Judge should have:

(1) attempted to verify the accuracy of the allegations raised by Carolyn Patterson

beyond reviewing the public record in Troy Patterson's case; and (2) concluded

that the record in Troy Patterson's case "did not warrant a finding of any

misconduct on Attorney Moorhead's part."  Obj. 6.  He therefore "objects to any

weight being given to any of Carolyn Patterson's allegations."  Obj. 7.

The objection is overruled.  The record in the Patterson matter demonstrates

that Attorney Moorhead missed numerous court deadlines and was sanctioned by

the court.  This behavior comprises part of the pattern of behavior that Magistrate

Judge Kelly identified as the basis for the imposition of discipline upon Attorney

Moorhead.  Further exploration of the allegations, including Carolyn Patterson's

subjective view of Attorney Moorhead's performance, was unnecessary because

those allegations did not form the basis for the imposition of any discipline.  They

were not given any weight in the Report and Recommendation and are not relied
upon in this Order.

Attorney Moorhead next objects that "the only issue for the Magistrate
Judge to investigate was whether the unverified allegations made by Carolyn
Patterson could be substantiated."  Obj. 8.  The objection is overruled.  Although
Magistrate Judge Kelly's investigation was <u>initiated</u> by Carolyn Patterson's
complaint, that complaint does not limit the <u>scope</u> of the investigation.

Rule 83.2(b) provides that "[w]hen misconduct or allegations of misconduct
which, if substantiated, would warrant discipline on the part of any attorney
admitted or permitted to practice before this Court, shall come to the attention of a
judicial officer of this Court, **whether by complaint or otherwise . . .** the judicial
officer shall inform the Chief Judge."  (emphasis added).  Thus, to the extent
Attorney Moorhead suggests that the investigation should have been limited in
scope to the four corners of Carolyn Patterson's <u>pro se</u> complaint, that position is
rejected as contrary to the Rules.  Carolyn Patterson presented a concern that
Attorney Moorhead had been acting inappropriately in the course of representing
other clients.  In addition, it was both necessary and appropriate to confirm
whether the behavior reflected in the <u>Patterson</u> record was an isolated incident or
indicative of a broader pattern.  To that end, Magistrate Judge Kelly directed the
Clerk to provide information about Attorney Moorhead's recent disciplinary

history.  The Clerk's response, which identified an extensive list of cases imposing discipline, was appropriately considered within the scope of the investigation pursuant to Rule 83.2(b).

Attorney Moorhead next objects that consideration of his disciplinary history from 2015 until the present was improper because "not one of the Judges who imposed those fines referred those matters for any further disciplinary considerations pursuant to Rule 83.2 . . . [and] those Judges and magistrates did not consider those 'offenses' to constitute misconduct."  This objection is overruled.

First, Attorney Moorhead's position is factually incorrect.  One of the Judges who imposed a fine <u>did</u> refer this matter for discipline; specifically, Judge Lewis referred Carolyn Patterson's complaint, which was submitted to her in the course of the <u>Patterson</u> proceeding, to the Chief Judge of the District Court for resolution pursuant to Rule 83.2.  That referral did not occur in a vacuum.  Rather, Judge Lewis herself had just imposed discipline upon Attorney Moorhead days earlier for Attorney Moorhead's repeated missed deadlines in that very case.  <u>See United States v. Troy Patterson</u>, D.V.I. No. 1:19-cr-00016.

Second, Attorney Moorhead's view of his past actions is inappropriately myopic.  A single fine imposed by one judge for a missed deadline in a specific case might not necessarily have been a reason for that particular judge to invoke Rule 83.2.  But, in this Court's view, the <u>pattern</u> of behavior – the repeated missed

deadlines, the repeated payment of fines without any change in behavior, the escalation in misconduct including the egregious mistreatment of clients – should be considered cumulatively and in context in the course of this administrative proceeding assessing Attorney Moorhead's fitness to practice law before this Court.  It has not escaped the Court's attention that Attorney Moorhead has repeatedly, and for many years, taken the apparent approach that paying court-imposed fines is merely a cost of doing business.  It is now necessary for this Court to determine whether a more substantial form of discipline is appropriate based upon that years-long course of conduct, particularly given the recent, troubling escalation in misbehavior.

Attorney Moorhead objects that he was not provided the identities of the witnesses whom Magistrate Judge Kelly interviewed or transcripts of those interviews, suggesting that "anonymous hearsay statements are not a proper evidentiary basis for recommending the suspension of a lawyer from the practice of law." Obj. 12.  This objection is overruled.  The recommended discipline was based upon the information contained in the public record of the cases that Magistrate Judge Kelly reviewed, not upon any specific witness testimony.  Likewise, our decision does not rely upon such witness testimony.

In any event, there are serious confidentiality concerns presented by Attorney Moorhead's request to cross-examine these witnesses.  The Virgin

Islands is a small, close-knit legal community, and Attorney Moorhead himself is related to the Chief Judge of the District Court.  In addition, the record shows that Attorney Moorhead has engaged in threatening, unprofessional, and erratic behavior.  Protection of witness identities is warranted in such circumstances.  Finally, the rules of evidence do not apply to this disciplinary proceeding.  Nothing in Rule 83.2 excludes hearsay or guarantees a right to cross-examination.

Next, Attorney Moorhead objects that his CJA clients "should have some input" into whether he should be removed from their cases.  Obj. 13.  This objection is overruled.  Even apart from the fact that Attorney Moorhead cannot continue to represent clients — CJA or otherwise — if he is suspended from the practice of law, Attorney Moorhead himself has acknowledged his own inability to serve his CJA clients adequately.  He chose on May 21, 2021, to resign from the CJA panel, and that decision was memorialized by order of the District Court on May 25, 2021.  The recommendation that Attorney Moorhead be removed as CJA counsel and that substitute counsel be appointed is therefore consistent with both Attorney Moorhead's resignation and the District Court's order removing him from the CJA panel.  Indeed, the suggestion that Attorney Moorhead should continue to represent CJA clients when he has been removed from the CJA panel and is therefore ineligible is itself improper.  <u>See</u> United States District Court District of the Virgin Islands, Criminal Justice Act Plan (revised 2011) at VI(A)

(providing for a panel of attorneys "who are eligible and willing to be appointed to provide representation under the CJA").

Finally, Attorney Moorhead objects that the Report and Recommendation "did not identify any rules, ethical or otherwise, that Attorney Moorhead purportedly violated."  Obj. 13.  This objection is overruled.  Rule 83.2(a)(1) requires that attorneys admitted to practice before the District Court of the Virgin Islands must comply with the Model Rules of Professional Conduct, as adopted by the American Bar Association.  Attorney Moorhead is expected, as an attorney admitted to the bar of this Court since 1988, to be thoroughly familiar with these standards.  See Rule 83.1(a).

The conduct described in the Report and Recommendation, as set forth in public court documents, includes verbal abuse and threats of clients, taking positions contrary to the client's interest in open court, persistent missed deadlines and court appearances, and ongoing failures to adequately communicate with clients.  Such conduct violates, at a minimum, the following Model Rules:

> Rule 1.1: Competence.  A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

> Rule 1.3: Diligence.  A lawyer shall act with reasonable diligence and promptness in representing a client.

> Rule 1.4: Communications.  A lawyer shall . . . reasonably consult with the client about the means by which the client's objectives are to be

accomplished; [and] keep the client reasonably informed about the status of
the matter.

Rule 3.5: Impartiality & Decorum of the Tribunal.  A lawyer shall not . . .
engage in conduct intended to disrupt a tribunal.

Rule 8.4: Misconduct.  It is professional misconduct for a lawyer to . . .
engage in conduct that is prejudicial to the administration of justice [and to]
engage in conduct that the lawyer knows or reasonably should know is
harassment.

Attorney Moorhead's actions — as reflected in public court documents —
include telling his client that "You're full of sh--!" and "F--- you," informing the
presiding judge that his client's motion is "the worst . . . that I've ever seen," and
threatening his client, while before a judge, that "I'll deal with you later."  It is
disingenuous at best for Attorney Moorhead to claim that such behavior is
consistent with the rules of professional conduct.  Client mistreatment in the form
of harassment and disrupting a tribunal are both expressly barred.  Actively
undermining a client's case is inconsistent with the requirement of competent
representation.  Moreover, although Attorney Moorhead notes in footnote 5 of his
objections that "being late for court appearances is not something one generally
associates with Attorney *misconduct*," Obj. 8 n.5 (emphasis in original), this Court
disagrees.  Attorney Moorhead's repeated missed court appearances and filing
deadlines reflect a failure of diligence, preparedness, promptness, and interference
with the administration of justice.

In short, the pattern of behavior described in the Report and Recommendation constitutes conduct prejudicial to the administration of justice in violation of the Model Rules of Professional Conduct.[7]

### III.

Based on the foregoing, the Court concludes that substantial discipline is warranted.  Therefore, Jefferey B.C. Moorhead, Esquire is HEREBY immediately suspended from the practice of law before the District Court of the Virgin Islands for a period of two (2) years.  See Rule 83.2(c)(1)(B).  The Clerk of the District Court of the Virgin Islands is directed to remove Attorney Moorhead as CJA counsel on any pending matters and to appoint substitute counsel.  Attorney Moorhead shall be barred from reapplying to join the CJA panel in St. Croix, St. Thomas, or St. John at any time prior to his reinstatement to the bar of the District Court of the Virgin Islands.

If at the conclusion of the two-year suspension Attorney Moorhead wishes to be reinstated to the practice of law before the District Court of the Virgin Islands, conditions are imposed upon his readmission, as follows:

(1) A comprehensive physical and mental health examination must be

---

[7] Although it is not presented as an objection, counsel asserts that the above-captioned matter was not properly sealed at some point, so that "anyone authorized to use this Court's ECF system could access" documents listed on the docket.  Obj. 14 n.8.  Counsel is incorrect.  The Clerk of the District Court of the Virgin Islands has confirmed that the entire proceeding has been sealed since inception and access to all documents has been restricted since that time.

conducted by providers to be determined by the Judges of the Court of Appeals, sitting as the District Court of the Virgin Islands, at the time reinstatement is sought to assess Attorney Moorhead's fitness to practice law;

(2) 40 hours of accredited Continuing Legal Education (CLE) must be completed, addressing civil or criminal practice and procedure, legal ethics, professional responsibility, or other relevant topics to be approved by the Judges of the Court of Appeals, sitting as the District Court of the Virgin Islands, at the time reinstatement is sought;

(3) A professional mentor must be selected and approved by the Judges of the Court of Appeals, sitting as the District Court of the Virgin Islands, to supervise Attorney Moorhead's practice of law for a period of time to be determined at the time reinstatement is sought.

See Rule 83.2(c)(2).

This order shall be made publicly available and shall constitute a public reprimand of Attorney Moorhead for the actions described herein.  See Rule 83.2(c)(1)(C).  The Clerk of the District Court of the Virgin Islands shall provide a copy of this order to the Clerk's Office of the Court of Appeals for the Third Circuit, the Supreme Court of the Virgin Islands, and the American Bar Association.  See Rule 83.2(e).

For the Court,

s/ Michael A. Chagares
Chief Circuit Judge

Dated:        January 25, 2022

22